# Applicability of 18 U.S.C. § 207(c) to President-Elect's Transition Team

The one-year bar in 18 U.S.C. § 207(c), which prohibits certain former government employees from contacting the agencies where they worked, applies to persons who serve on a presidential transition team while receiving a salary from a private employer.

The bar in 18 U.S.C. § 207(c) does not apply to members of a presidential transition team who support themselves from their own resources or are compensated solely from appropriated funds.

November 18, 1988

LETTER FOR THE DIRECTOR
OFFICE OF GOVERNMENT ETHICS

This responds to your oral request of November 17, 1988, for our views on whether the one year bar prohibiting certain former government employees from contacting their former agency, contained in 18 U.S.C. § 207(c), applies to former government employees who are working for the President-elect's transition team. Presidential Transition Act ("Act"), 3 U.S.C. § 102 note, as amended by Pub. L. No. 100–398, 102 Stat. 985 (1988).

As you indicated, this is a novel and difficult question given the sui generis nature of a presidential transition. It is readily apparent that presidential transitions serve an important public function. Congress has endorsed their significance, stating, when it set forth the purposes of the Act:

> The national interest requires that such transitions in the office of
> the President be accomplished so as to assure continuity in the
> faithful execution of the laws and in the conduct of the affairs of
> the Federal Government, both domestic and foreign.

*Id.* § 2. We have no doubt that promoting the "orderly transfer of the executive power," *id.*, is one of the most important public objectives in a democratic society.

It does not follow from this that the restrictions of 18 U.S.C. § 207(c) do not apply at all to the transition. The conflict of interest laws also advance extremely important goals, including promoting public confidence in the integrity of the federal government and ensuring that corruption—and opportunities for corruption—are minimized. Thus, in evaluating the applicability of section 207(c), we believe that it is best to examine the actual status of a transition staff member in conjunction with the evils that the ethics laws were intended to combat.

At one end of the spectrum is the federal employee who is detailed by his agency to assist the transition team. He is clearly a federal employee, covered by all applicable portions of 18 U.S.C. §§ 201–209, and obviously his status raises no question under section 207(c). The Act specifically refers to such employees

264

and emphasizes that their status vis-a-vis the United States does not change while they are working with the transition team. Act, § 3(a)(2). Based upon this statutory recognition, we also agree with you that the prohibitions in section 203 and 205 do not apply to such detailed employees by virtue of the "official duties" exception to those provisions.

At the other end of the spectrum is an individual who recently occupied a high, policy making position in the executive branch and who is now employed by a company or law firm in the private sector. If such an individual, while still receiving his private sector salary, works for the transition team, he typifies the potential for abuse that we believe that section 207(c) was intended to guard against. He is not compensated by the federal government,[1] may not make decisions or participate in matters on behalf of the United States,[2] and his loyalties are not undivided.[3] Because the central purpose of section 207(c) was to preclude for one year a limited class of high-level government employees from contacting their former agencies unless the contact was clearly on behalf of the United States, we believe such individuals who receive compensation from the private sector for, or during, their work for the transition team are not exempt from the fairly absolute "no contact" rule, merely by virtue of their association with the transition. We therefore believe that such individuals are, notwithstanding their employment by the transition team, covered by 18 U.S.C. § 207(c), and barred from contacting their former department or agency for the statutory period.

It is less clear that section 207(c) should apply to those former high-level government officials who have been separated from their agencies less than one year who are either volunteers for the transition team and are supporting themselves from their own resources or who have severed their ties with private sector employment and are being compensated solely from funds appropriated under the Act. It is much more likely that those former officials who are supporting themselves and are acting solely in the interests of the President-elect[4] will not face the divided loyalties at which section 207(c) was aimed.

The same argument is true with respect to those whose salaries are paid out of appropriated funds: Congress has decided that it is in the interest of the United States (even if the actions of the transition team cannot be precisely said to be on behalf of the United States) that these individuals be paid with federal funds because they are advancing a federal interest. Our hesitation to apply section 207(c) to transition team members compensated with appropriated funds is bolstered by the fact that the Act was recently amended to provide significant amounts of fund-

---

[1] The Act also makes clear that such staff members are not federal employees except for limited provisions not relevant here. Act, § 3(a)(2)

[2] We understand that the proposed Standards of Conduct for a transition worker make it clear that he cannot and should not attempt to interfere with the decision making functions of the agencies.

[3] A clear example would be a former Department of Defense officer who is now working for a defense contractor or a former Department of Justice official who is now representing companies whose interests would be affected by decisions of the Department

[4] This would seem to apply with special force to a former government official who had no private sector affiliation since leaving government, such as former government employees participating in the political campaign which led to the election of the President-elect

[5] Presidential Transitions Effectiveness Act, Pub. L No. 100–398, 102 Stat. 985 (1988).

265

ing for some transition staff members.[5] In return for the funding, the President-elect must undertake certain steps to minimize the potential for conflicts of interest with respect to all transition personnel. Act, § 5(b), *as amended.* As the House Report on the recent bill notes:

> Once again, the unique circumstances of a Presidential transition require balancing the ability of a new President to conduct transition activities as completely and effectively as possible, and in a manner he desires, with the necessity of maintaining public confidence . . . .

H.R. Rep. No. 532, 100th Cong., 2d Sess. 6–7 (1988), *reprinted in* 1988 U.S.C.C.A.N. 1372, 1376. Thus, Congress, notwithstanding the fact that these compensated staff members are not generally treated as federal employees, has made it clear that they occupy a unique position and one that is worthy of federal funding.

Second, with respect to both self-supporting and transition team members compensated solely with public funds, we are influenced by the fact that the Criminal Division has informally advised us that they would not prosecute such individuals under section 207(c) so long as their contacts with their former federal departments or agencies was only for transition purposes. If those who are charged with the direct enforcement of the objectives that section 207(c) was intended to achieve do not believe that those who are self-supporting volunteers or who are compensated solely out of appropriated funds fall outside the scope of section 207(c), we do not feel compelled to disagree.

We would note, in concluding, that former government employees within the scope of section 207(c), regardless of their funding source for the transition, may utilize the exception in 18 U.S.C. § 207(i) which permits former employees otherwise barred by section 207(c) from contacting their former agencies for one year to make or provide a statement to those agencies based on the employees' prior special knowledge, provided that no compensation is received. Thus, any former employee could assist the transition by supplying to the transition or his former department or agency for the transition an analysis based on his prior experience with and knowledge of his former department or agency, even if the considerations above preclude that individual's current contact with his former department or agency. Finally, it is of course apparent that section 207(c) does not prevent any covered former employee from contacting departments or agencies *other than* the one by which he was formerly employed.

Douglas W. Kmiec
*Assistant Attorney General*
*Office of Legal Counsel*
